BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: DEERE REPAIR SERVICES ANTITRUST LITIGATION | ) ) ) ) | MDL DOCKET NO. 3030 |

**PLAINTIFF TRINITY WELL's RESPONSE IN SUPPORT OF TRANSFER OF RELATED CASES FOR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

# INTRODUCTION

Pursuant to Rule 6.1(c) of the Judicial Panel on Multidistrict Litigation, the Plaintiff Trinity Wells respectfully submits the following response to the Defendant's motion to transfer his antitrust action to the Northern District of Illinois. Mr. Wells agrees with the Defendant that the six related antitrust actions identified in its motion should be transferred to the Northern District of Illinois for the reasons outlined in the motion to transfer. Mr. Wells, however, believes that the case should be transferred to Judge Johnston in Rockford, Illinois.[1]

# ARGUMENT

### I. TRANSFER TO A SINGLE DISTRICT FOR CONSOLIDATED PRETRIAL PROCEEDINGS IS APPROPRIATE UNDER 28 U.S.C. § 1407(a).

Mr. Wells agrees with the Defendant's position that transfer to a single district is appropriate under Section 1407(a) because (1) the related actions involve common questions of fact and law, (2) centralization minimizes inconvenience on the parties and witnesses and (3) centralization is the most efficient way to advance the litigation. [Doc. 1-1, pp. 6-7, 10]

### II. THE ACTIONS SHOULD BE TRANSFERRED TO JUDGE IAIN JOHNSTON IN THE NORTHERN DISTRICT OF ILLINOIS.

---

[1] On March 15, 2022, the undersigned counsel filed a complaint against the Defendant in the Northern District of Mississippi on behalf of Blake Johnson and a class of similarly situated purchasers. The Defendant filed a notice of potential tag-along action on March 21, 2022. To extent permitted, Mr. Johnson joins in this response to the Defendant's motion to transfer.

Mr. Wells also agrees with the Defendant that the Northern District of Illinois is the most convenient forum for the witnesses but disagrees that Chicago is more convenient than Rockford, Illinois. As the Defendant observes, many key witnesses and documents are likely located at its headquarters in Moline, Illinois. The Defendant argues that Moline's proximity to Chicago (only 163 miles away) is a factor heavily weighing in favor of Chicago. [Doc. 1-1, p. 11] Mr. Wells again agrees that proximity between Defendant's headquarters and the courthouse is an important consideration, but on that score Rockford should be favored over Chicago because Moline is only about 120 miles away from Rockford and travel between these two cities avoids Chicago traffic. *See*, *In Re Clark Oil & Ref. Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973)(noting that though many of the proposed transferee courts were in proximity to each other, the Panel transferred the litigation to the forum closest to the Defendant's home office because many of the anticipated witnesses were located there.)

With respect to Defendant's contention that Chicago's international airports make Chicago preferable to Rockford, the difference in travel time from O'Hare to either downtown Chicago and Rockford is minimal. Though downtown Chicago is approximately 55 miles closer to O'Hare than Rockford, the difference in commuting time is typically less than half an hour because of traffic. Moreover, hotel

accommodations in Rockford are substantially less expensive than downtown Chicago.

Finally, the resources available to judges in the Western division should be no less than the resources available to judges located in the Eastern division of the Northern District of Illinois. Judge Johnston is currently presiding over three (3) cases filed against the Defendant.[2] Having served as a Magistrate Judge for approximately seven (7) years before his investiture as a District Court Judge, Judge Johnston has the experience to effectively manage pretrial proceedings in an antitrust class action. *See*, *City of Rockford v. Mallinckrodt ARD*, 326 F.R.D. 489 (2018)(prescription drug pricing antitrust case).

### III. CONCLUSION.

For the reasons set forth above, Plaintiff Trinity Wells respectfully requests that the Panel consolidate and transfer the Related Actions, as well as any tag-along actions or other cases, to the United States District Court for the Northern District of Illinois – Western Division.

---

[2] *Plum Ridge Farms, Ltd., et al. v. Deere & Co. (d/b/a John Deere)*, No. 3:22-cv-50030 (N.D. Ill.) (filed 2/7/2022); *Daniel Brown, D/B/A Otsego Forestry Services, et al. v. Deere & Co. (d/b/a/ John Deere)*, No. 3:22-cv-50039 (N.D. Ill.) (filed 2/11/2022); *Eagle Lake Farms Partnership v. Deere & Co. (d/b/a John Deere)*, No. 3-22-cv-50078 (N.D. Ill.) (filed 3/11/2022)

Respectfully submitted,

*/s/ Richard P. Rouco*
Richard P. Rouco  (ASB-6182-R76R)
Quinn, Connor, Weaver,
Davies & Rouco LLP
2- 20th Street North, Suite 930
Birmingham, Alabama 35203
Phone:	(205) 870-9989
Fax:  (205) 803-4143
rrouco@qcwdr.com


Eric J. Artrip (ASB-9673-I68E)
D. Anthony Mastando (ASB-0893-X32B)
MASTANDO & ARTRIP, LLC
301 Washington St., Suite 302
Huntsville, Alabama  35801
Phone:	(256) 532-2222
Fax:	(256) 513-7489
artrip@mastandoartrip.com
tony@mastandoartrip.com


Joe R. Whatley
Tucker Brown
Whatley Kallas, LLC
2001 Park Place Suite 1000
Birmingham, Alabama 35203
Phone: (205) 488-1200
Fax: (205) 800-922-4851
jwhatley@whatleykallas.com
tbrown@whatleykallas.com